# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL SANCHEZ ZAVALA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES,<br><br>　　　　　　Defendant.<br>_____/ | CASE NO. 1:12-cv-00930-SKO PC<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 8) |

Plaintiff Raul Sanchez Zavala, a federal prisoner proceeding pro se and in forma pauperis in this civil action, filed a motion seeking the appointment of counsel on August 15, 2012. Plaintiff does not have a constitutional right to the appointment of counsel in this action. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. Palmer, 560 F.3d at 970; Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. Palmer, 560 F.3d at 970 (citation and quotation marks omitted); Wilborn, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together. Palmer, 560 F.3d at 970 (citation and quotation marks omitted); Wilborn 789 F.2d at 1331.

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with

1  similar cases almost daily.  Further, at this early stage in the proceedings, the Court cannot make a
2  determination that Plaintiff is likely to succeed on the merits, and based on a review of the record
3  in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.  Id.
4       For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY
5  DENIED, without prejudice.

7  IT IS SO ORDERED.

8  **Dated:    October 9, 2012**              /s/ Sheila K. Oberto
                                                                                        UNITED STATES MAGISTRATE JUDGE